# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-72V**

| | |
|---|---|
| JAMES A. TAYLOR, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 29, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Gary A. Butler, Massa Butler Giglione, Pittsburgh, PA, for Petitioner.*

*Austin J. Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On January 16, 2025, James A. Taylor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") after receiving an influenza ("flu") vaccination on November 9, 2022. Petition at 1. Petitioner further alleges that he suffered his GBS following a flu vaccination within the Table time period, that there is not a preponderance of medical evidence that his GBS was due to a factor unrelated to the flu vaccination, and that he has experienced the sequela of his GBS for more than six months. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On July 28, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent has indicated that based on the record as it now stands, compensation is appropriate, as Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master